IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-36 Erie |
| ) | |
| ANN MARIE WEBER ) | |

**GOVERNMENT'S OBJECTION TO MINOR ROLE REDUCTION**

AND NOW comes the United States of America, by and through its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and states as follows:

Ann Weber's pre-sentence report accords her a two point reduction in offense level for having a minor role in the conspiracy. For the following reasons the government objects to the application of a minor role reduction to Ann Weber .

In the case of United States v. Headley, 923 F.2d 1079 (3d Cir. 1991), the Third Circuit set forth the standard for determining whether a defendant is entitled to a downward adjustment in sentencing level for being a minor participant in the criminal activity. The case arose from a large criminal drug manufacturing and distributing enterprise in Philadelphia known as the Smith Narcotics Organization (SNO). The operation involved the delivery of cocaine from Brooklyn, New York and Miami, Florida to Philadelphia where it was manufactured into cocaine base, packaged,

and sold at approximately twenty different locations in Philadelphia.

At trial, the defendant's co-conspirators testified that on several occasions, Headley brought cocaine from Brooklyn to Philadelphia for SNO.  Co-conspirators observed Headley at the packaging and distributing location on two occasions, and although they never saw her with drugs, the drugs would appear after her visits.

After the defendant was convicted and sentenced on one count of conspiring to manufacture and distribute cocaine base and one count of possession with intent to distribute cocaine, she appealed claiming that her counsel was ineffective for failing to request a two level minor role adjustment.  The Third Circuit noted that the SNO criminal enterprise was extensive, and the evidence at trial established that the defendant's participation was limited to delivering drugs on a number of occasions.  However, the court also noted that the fact that a defendant's participation in a drug operation was limited to that of a courier is not alone indicative of a minor or minimal role.  Headley, 923 F.2d at 1084 (citations omitted).

Here, Weber laundered drug money for Maurice Foley by purchasing a vehicle in her name for his use, with drug proceeds. She stored marijuana at her residence and collected drug debts for Foley. Weber handled financial matters in California for Foley, subsequent to his arrest.  Moreover, Weber stipulated as part of

2

her plea agreement that the amount of marijuana attributable to her in this case was sixty to eighty kilograms.

In United States v. Isaza-Zapata, 148 F.3d 236 (3rd Cir. 1998), the Third Circuit reiterated the standard for determining whether a defendant is entitled to a downward adjustment in base offense level pursuant to the "minor role" adjustment provided for in Section 3B1.2 of the United States Sentencing Guidelines. The defendant was convicted of knowingly and intentionally importing 100 grams of heroin into the United States. The facts underlying the defendant's guilty plea were that while on vacation in Colombia, the defendant was approached by two men who offered to pay him $16,000 to transport 800 grams of heroin into the United States. In need of money for surgery, the defendant agreed, and subsequently met the men in a hotel where they gave him 100 pellets of heroin to swallow and provided him with a ticket to Newark, New Jersey. Upon his arrival at Newark International Airport, he was subjected to a routine customs examination during which his demeanor aroused suspicion. He consented to an x-ray examination and was transported to the hospital where he passed approximately 100 pellets of heroine.

At sentencing, the defendant requested a two-point downward adjustment in his offense level as a minor participant. Although the government agreed to the adjustment, the court declined to grant it. The determination of whether a defendant is entitled to a minor role adjustment is highly dependent on the

3

particular facts of each case.  <u>Isaza-Zapata</u>, 148 F.3d at 238 (citing U.S.S.G. § 3B1.2, Background, Commentary).  The following principles, as enunciated by the Second Circuit, were adopted in <u>United States v. Headley</u>, 923 F.2d 1079 (3rd Cir. 1991), as relevant to the determination of whether a courier is a minor participant:

> The culpability of a defendant courier must depend necessarily on such factors as the nature of the defendant's relationship to the other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise.

<u>Isaza-Zapata</u>, 148 F.3d at 239 (quoting <u>United States v. Headley</u>, 923 F.2d 1079, 1084 (3rd Cir. 1991) (quoting <u>United States v. Garcia</u>, 920 F.2d 153, 155 (2nd Cir. 1990)).

In <u>United States v. Perez</u>, 280 F.3d 318 (3d Cir. 2002), <u>cert. denied</u>, __ U.S. __, 123 S.Ct. 231 (2002), three defendants were convicted of conspiracy to distribute and possess with the intent to distribute methamphetamine.  At the time of sentencing, the district court refused to make a two level minor role reduction pursuant to U.S.S.G. § 3B1.2.

One of the defendants, Alcantera, acted as a drug courier in procuring twenty grams of methamphetamine for delivery to Del Rosario, at the helm of the conspiracy.  In addition, Alcantera was present at the residence where the police broke up the conspiracy and found 100 grams of crystal methamphetamine.  The Third Circuit agreed with the district court's analysis of Alcantera's role:

4

> [T]he definition of a minor participant under Section 3B1.2 is any participant who is less culpable than most other participants, whose role could not be described as minimal.... [I]f we take a look at the others involved here, Batoon, Almiranez, Zoletta, Del Rosario, this Court is not in a position to say it has been established that Mr. Alcantera is to be considered less culpable than those other participants.... Their role, although different perhaps than Perez or Del Rosario, in this Court's view, was significantly important, certainly they are as culpable as each other in performing those similar functions without which the distribution and the conspiracy could not have succeeded. So that it's the Court's determination that Mr. Alcantera is not entitled to a minor role here...

Perez, 280 F.3d at 352.

In United States v. Ross, 190 F.3d 446, 454 (6th Cir. 1999), the Sixth Circuit affirmed the district court's rejection of a minimal role reduction for a defendant who had laundered money as part of his involvement in a drug conspiracy. The Court reasoned that since the evidence demonstrated that the defendant's money laundering activities played a significant role in hiding drug assets, a role reduction was not appropriate despite the defendant's small role in the actual drug distribution. See United States v. Maggi, 44 F.3d 478 (7th Cir. 1995)(The defendant was not entitled to a role reduction for her small part in the drug conspiracy where she was a central participant in events underlying laundering of the drug conspiracy's money).

Further, it is settled that a defendant's minimal or minor role in an overall conspiracy does not warrant an adjustment

5

under U.S.S.G. § 3B1.2, where the larger conspiracy was not taken into account in establishing the defendant's base offense level. United States v. Roberts, 223 F.3d 377, 380 (6th Cir. 2000). Weber's base offense level is based upon her stipulation to the marijuana attributable to her and not the overall scope of the conspiracy. Thus, she is not entitled to a minor role because her offense level already takes into account her role in the offense.

Likewise, in this case, Ann Weber's role in this conspiracy does not indicate that she was less culpable than most other participants in the conspiracy. Other than Maurice Foley, she was the only co-conspirator charged with money laundering. Not one of the charged co-conspirators was involved in the conspiracy on a one-time or infrequent basis, including Weber. She stored marijuana at her house for Foley. She handled financial matters for Foley subsequent to his arrest, even calling herself his "book keeper" in one recorded phone conversation. Weber stipulated that she was responsible for 60 to 80 kilograms of marijuana. Under these facts there is no basis for Ann Weber to receive a minor role reduction.

                                        Respectfully submitted,

                                        MARY BETH BUCHANAN
                                        United States Attorney

                                        <u>s/Christian A. Trabold</u>
                                        CHRISTIAN A. TRABOLD
                                        Assistant U.S. Attorney
                                        PA ID No. 75013