# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL DIVISION** |
| | : | |
| | : | **Criminal No. 04-36 ERIE** |
| v. | : | |
| | : | |
| | : | |
| **ANN MARIE WEBER** | : | |

### SENTENCING MEMORANDUM

  AND NOW, comes the Defendant, Ann Marie Weber, by and through her attorney, Stephen M. Misko, Esquire, and respectfully files this **Sentencing Memorandum** with attachments:

  The Defendant pled guilty on May 9, 2005 to Count One of the Indictment, to wit, Conspiracy to Distribute and Possess With Intent to Distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B)(vii). The plea agreement with the Government stipulated that the amount of marijuana the Defendant was responsible for was at least 60 kilograms but less than 80 kilograms. This range equated to an Offense Level of 22. According to the Presentence Investigation Report (PSI), the Defendant was recommended to receive a 3-level downward departure for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and (b), a 2-level downward departure for safety valve, pursuant to U.S.S.G. § 5C1.2, and a 2-level downward departure for minor role, pursuant to U.S.S.G. § 3B1.2(b). As such, the Defendant's adjusted offense level is 15. The Defendant has 0 criminal history points, which places her in criminal history category I. Therefore the sentencing guideline range is 18 to 24 months. See PSI, paragraphs 34 –49 and 85.

  What the PSI does not reflect is that the Government will be filing a Motion for Downward Departure for Substantial Assistance to Authorities, pursuant to U.S.S.G. § 5K1.1 at sentencing. If the Court reduces the Defendant's sentence by 50% from 18 months, the result would be 9 months. This would place the Defendant in Zone B or C for sentencing purposes.

**Argument for Zone B Guideline Sentence:**

  Pursuant to U.S.S.G. § 5B1.1(a)(2), a sentence of probation is authorized if the applicable guideline range is in Zone B and the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement or home detention as provided in subsection (c)(3) of § 5C1.1. A sentence of probation may not be imposed in the event the offense of conviction is a Class A or B felony, or if the

offense of conviction expressly precludes probation as a sentence. See 18 U.S.C. § 3561(a)(1),(2).

The Defendant believes and therefore avers that the stipulated amount of marijuana of least 60 kilograms but less than 80 kilograms places her under penalties associated with 21 U.S.C. § 841(b)(1)(C), wherein the maximum penalty is twenty (20) years. Pursuant to 18 U.S.C. § 3559(a)(3), a maximum term of imprisonment less than twenty-five years but ten or more years, is a Class C felony. In addition, 21 U.S.C. § 841(b)(1)(C) does not expressly preclude probation as a sentence for individuals where death or serious bodily injury does not result. As such, the Court can impose a period of probation or home detention in lieu of incarceration. The Defendant respectfully requests such a disposition based upon her minimum involvement in the instant indictment, and based upon her medical condition and mental health issues, which will be reviewed in detail below.

**Argument for Zone C Guideline Sentence:**

Pursuant to U.S.S.G. § 5C1.1(c)(2), a sentence of imprisonment that includes a term of supervised release with a condition that substitutes home detention, provided that at least one month is satisfied by imprisonment is allowed if the sentence is deemed Zone B. Pursuant to U.S.S.G. § 5C1.1(d)(2), a sentence of imprisonment that includes a term of supervised release with a condition that substitutes home detention, provided that at least one-half of the minimum term is satisfied by imprisonment is allowed if the sentence is deemed Zone C.

If the Court is not inclined to sentence the Defendant to probation or home detention, than we respectfully request the Court sentence the Defendant to one day incarceration, in the custody of the U.S. Marshal, and allow her to spend the balance of her incarceration on home detention, or a sentence pursuant to Zone B/U.S.S.G. § 5C1.1(c)(2). The Defendant's request is based upon the following circumstances:

**Defendant's medical status:**

The Defendant was diagnosed in July of 2002 with Chronic Active Hepatitis C. This condition required weekly treatments of PEG interferon and Ribavirin. Additionally, the Defendant received prescriptions for Rebetol, Testosterone, Estrogen, and Synthroid. A biopsy of the liver in November 2002 resulted in a laboratory diagnosis of "moderately active chronic portal hepatitis (grade II – III)." The Defendant was compliant with treatment and completed same in January 2004. Unfortunately, the hepatitis treatment or chemotherapy resulted in interferon-induced autoimmune thyroiditis and resulting hypothyroidism, for which she received treatment from her primary care physician.

While her active chronic portal hepatitis is, for all purposes cured, she can relapse with the excessive use of alcohol or by exposure to something or someone possessing the disease. To that extent, she could expose others in an institutional setting if items of

hygiene are shared or passed around. The Defendant no longer takes medication for this condition. See attached medical records.

**Defendant's mental health:**

As outlined in the PSI, the Defendant was committed on three occasions while her case was pending before the Court. On February 9, 2005 and again on February 22, 2005, the Defendant attempted suicide. On the first occasion, the Defendant attempted suicide by ingesting a combination of Valium and tequila. The Defendant voluntarily committed herself to the mental health unit at St. Vincent's Health Center on February 9th and was discharged on February 17th. The Defendant was treated for major depression and given prescriptions for Celexa 20 mg. and Trazodone 50 mg. The medical records reflect she was diagnosed with major depression disorder, borderline personality disorder and hypothyroidism. The incident was brought on by the federal indictment, loss of her job with the state as a case worker for the Department of Public Welfare, loss of health insurance, and problems she was experiencing with her 16-year old son. The Defendant was encouraged to seek outpatient psychiatric support systems upon discharge. See attached medical records.

The second suicide attempt occurred on February 22, 2005, when the Defendant attempted to overdose on a combination of Trazodone and whiskey, beer and tequila. The Defendant was involuntarily committed to Millcreek Community Hospital from February 23rd until February 28th. She presented with major depression and a history of multiple suicide attempts. The Defendant was diagnosed with Bipolar Disorder and prescribed Lexapro 10 mg. She was also advised to follow-up in outpatient mental health counseling with Stairways Behavioral Health. See attached medical records.

The Defendant's third commitment occurred on April 22, 2005 when she expressed a desire to commit suicide to her federal probation officer. The Defendant was involuntarily committed to St. Vincent's Health Center and diagnosed with depressive disorder, alcohol abuse and borderline personality disorder. She threatened to harm herself after receiving a perceived threat in the mail in the form of a picture of herself cut up into pieces. She thought the condition of the picture was related to her impending cooperation with federal authorities in their case against Maurice Foley. See attached medical records.

Between her commitments to Millcreek Community Hospital and St. Vincent's, the Defendant sought treatment at Stairways Behavioral Health. Gordon Bushell, M.D., diagnosed the Defendant with major depressive disorder and anxiety disorder and prescribed Seroquel 25 mg., Lexapro 20 mg., Risperdal 0.5 mg., and Lithium 450 mg. The Defendant is currently under Dr. Bushell's care and is also taking the prescribed medication on a daily basis. Clearly there is a concern that if the Court incarcerates the Defendant she will be unable to take her prescribed medications, which would lead to a mental illness relapse. If home detention is ordered, the Defendant can maintain her care with Dr. Bushell and remain on the prescribed medications.

**Other Factors warranting home detention:**

As stated previously, the Defendant lost her job as a caseworker for the Department of Public Welfare upon being indicted in the instant matter. As such, her monthly income is derived from child support payments of $290.00, which terminate upon her son turning age 18, and her son's social security payments of $790.00. Her monthly expenses, as evidenced by the PSI, exceed her income; however, the Defendant does manage to pay her mortgage of $630.00 monthly. If the Defendant is incarcerated the bank will foreclose on her property and she will lose her house since she will not have the means to make the monthly mortgage payments. In addition, the Defendant's minor son, John, age 17, resides with the Defendant. If the Defendant is incarcerated, her son will become homeless as her half-sisters have mental health and financial issues, which would preclude him living in their respective residences. The Defendant would have attempted to place her son with her mother; however, she along with the Defendant's brother were killed in a house fire in May of 2005.

In conclusion, based upon the above factors and conditions, the Defendant respectfully requests that this Honorable Court give great consideration in imposing a sentence of either probation or home detention. Any sentence greater than this, such as a prolonged period of incarceration, would be manifestly unjust based upon the Defendant's minimal role in the instant offense.

**Respectfully submitted,**

**s/Stephen M. Misko**
**Stephen M. Misko, Esquire**
**Attorney for Ann Marie Weber**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL DIVISION** |
| | : | |
| | : | **Criminal No. 04-36 ERIE** |
| **v.** | : | |
| | : | |
| | : | |
| **ANN MARIE WEBER** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Sentencing Memorandum** was served by Electronic Mail, on the following parties, on this the 16th day of September, 2005:

>Christian A. Trabold, Esquire
>United States Attorney's Office
>17 South Park Row, Room A-330
>Erie, Pennsylvania  16501
>christian.a.trabold@usdoj.gov

>s/Stephen  M.  Mikso
>**Stephen M. Misko, Esquire**
>**Attorney for Ann Marie Weber**