IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 04-36 Erie |
| ) | |
| ANN MARIE WEBER ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and states as follows:

Weber has filed a sentencing memorandum which seeks a sentence of probation or home confinement based upon the government's anticipated filing of a substantial assistance motion and Weber's alleged physical and mental health issues.

While the government agrees that Weber should receive a reduction in sentence for her substantial assistance in the prosecution of Maurice Foley, certainly that reduction should not extend to a complete elimination of incarceration, especially in light of the jail sentences already imposed upon other defendants in this case who cooperated far more extensively than Weber. Weber stipulated that the amount of marijuana attributable to her was more than sixty (60) but less than eighty (80) kilograms. This is not a trivial amount of marijuana. Moreover, Weber's conduct involved assisting Maurice Foley by laundering money for him via

her purchase of a vehicle with Foley's drug proceeds.  Cooperating witnesses also indicated during the investigation that Weber stored marijuana at her residence for Foley and would collect drug debts for Foley.  Plainly, even with the benefit of a substantial assistance motion from the government, Weber does not deserve a sentence of probation or home confinement.

Weber also argues that her physical condition should cause the court to forego incarceration. Ordinarily, a defendant's physical condition is *not* relevant in determining whether a sentence should be outside of the applicable guideline range. U.S.S.G. § 5H1.4.  In some instances, however, an *extraordinary* physical impairment *may* be a sufficient reason to impose a sentence below the applicable guideline range.  U.S.S.G. § 5H1.4. Nevertheless, Weber's alleged physical conditions are not extraordinary physical impairments warranting a downward departure. Prisons exist for those who commit crimes, not just for tough criminals.  United States v. Maddox, 48 F.3d 791, 798 (4th Cir. 1995).

The government has not been provided Weber's medical records.  Nevertheless, her own claims make clear that she is not entitled to a sentence reduction.  Weber's Sentencing Memorandum indicates quite clearly that her Hepatitis C is "for all purposes cured" and that she no longer takes medication for the disease.

Indeed, in several cases where defendants had more severe physical conditions than Weber, the court denied the defendants'

requests for downward departure.  See e.g., United States v. Martinez-Guerrero, 987 F.2d 618 (9th Cir. 1993) (defendant who was legally blind did not have extraordinary physical impairment warranting downward departure); United States v. Guajardo, 950 F.2d 203, 208 (5th Cir. 1991), cert. denied, 503 U.S. 1009 (1992) (defendant's health, which included cancer in remission, high blood pressure, fused right ankle, amputated left leg, and drug dependency, did not warrant downward departure); United States v. Bruce, 909 F.Supp. 1034, 1045 (N.D. Ohio 1995) (defendant's atrial fibrillation which was controlled through medication and did not prevent sufferers from leading active lives was hardly an extraordinary physical impairment).

Rather the type of extraordinary impairment warranting a downward departure as contemplated by the Sentencing Guidelines is demonstrated in the case of United States v. Lacy, 99 F.Supp.2d 108 (D. Mass. 2000), aff'd, 16 Fed. Appx. 10 (1st Cir. 2001).  Therein, the defendant was seriously injured in a shooting accident when he was sixteen years of age; he was struck in the head by a bullet when a shotgun accidentally discharged while his friend was playing with it.  In addition to losing his left eye, the bullet became lodged in the defendant's head and could not be surgically removed because of its close proximity to an artery.  As a result, the defendant lost partial hearing, experienced epileptic seizures, and suffered blood clots in his arteries necessitating that he take blood thinning medication.  These conditions placed the defendant

in danger of the bullet becoming dislodged during a fight or sharp blow to the head, the inability to clot should he be cut, and sensory flashbacks from the moment of trauma triggered by any metallic sound. Lacy, 99 F.Supp.2d at 118.

The court found the defendant's physical condition to be an extraordinary physical impairment warranting a downward departure. Accordingly, the court departed downward three levels. Lacy, 99 F.Supp.2d at 119.

In the present case, Weber herself has indicated she is cured and does not need medication. Moreover, the Bureau of Prisons is fully capable of accommodating Weber's treatment needs, which currently appear to be minimal. The ability of the Bureau of Prisons to accommodate a defendant's medical needs is a factor that this Court may consider in determining the defendant's downward departure request. United States v. Martinez-Guerrero, 987 F.2d 618, 620 (9th Cir. 1993).

Weber also claims that her mental health issues should cause the Court to give her a reduced sentence. However, mental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted. U.S.S.G. § 5H1.3. However, a claim of diminished capacity, if established, may be a basis for downward departure. U.S.S.G. § 5K2.13. Here, Weber does not make a claim of diminished capacity. In fact, Weber merely outlines her mental health problems while the case against her has been pending. Absent a claim of diminished capacity, which is plainly not present

here in any event, Weber's sentence should not be reduced because of her multiple suicide attempts. In <u>United States v. Harpst</u>, 949 F.2d 860, 863 (6th Cir. 1991), the Sixth Circuit clearly indicated that suicidal tendencies are not a proper basis for departure. To hold otherwise would result in claims of suicidal tendencies becoming boilerplate. <u>Id</u>.

  Therefore, Weber is not entitled to a sentence reduction for her mental health issues which do not amount to, nor are even claimed to be, diminished capacity. Likewise, her alcohol and drug induced suicide attempts are not a proper basis for reduction.

  Finally, Weber's family and financial circumstances are not a proper basis for a sentence reduction. According to U.S.S.G. § 5H1.6, family ties and responsibilities are not ordinarily relevant in determining whether a departure is warranted. Moreover, Weber's housing and family issues are not extraordinary. Rather, they are the same problems faced by many defendants who come before the Court for sentencing. They are problems of Weber's own making which do not entitle her to a sentence reduction.

  WHEREFORE, the government respectfully requests that Weber's request for probation or home confinement be denied.

        Respectfully submitted,

        MARY BETH BUCHANAN
        United States Attorney


        <u>s/Christian A. Trabold</u>
        CHRISTIAN A. TRABOLD
        Assistant U.S. Attorney
        PA ID No. 75013